IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 02-00547 SOM |
| | ) | Civ. No. 21-00212 SOM/RT |
| Plaintiff-Respondent, | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| vs. | ) | MOTION SEEKING |
| | ) | RECONSIDERATION OR |
| KENNETH CHARLES McNEIL, | ) | CLARIFICATION OF THE ORDER |
| | ) | DENYING HIS FOURTH PETITION |
| Defendant-Petitioner. | ) | FOR WRIT OF CORAM NOBIS |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION SEEKING RECONSIDERATION
OR CLARIFICATION OF THE ORDER DENYING HIS
FOURTH PETITION FOR WRIT OF CORAM NOBIS**

**I.   INTRODUCTION.**

On July 12, 2021, this court denied Defendant Kenneth Charles McNeil's most recent post-trial request for collateral relief from his conviction and judgment, ruling that McNeil's latest coram nobis petition (his fourth, following an unsuccessful motion under 28 U.S.C. § 2255) had failed to show any trial error of a fundamental nature and/or why he could not have raised his arguments earlier.  *See* Order Denying Defendant's Petition for Writ of Coram Nobis, ECF No. 208.  On July 23, 2021, McNeil sought reconsideration or clarification of that order.  *See* ECF No. 209.  That motion is denied.

**II.   RECONSIDERATION STANDARD.**

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, circuit courts, including the Ninth Circuit, have held that

motions for reconsideration may be filed in criminal cases.  *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases"); *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) ("As the Second Circuit noted . . . , post-judgment motions for reconsideration may be filed in criminal cases"); *United States v. Amezcua*, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015) ("The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of [Criminal] Procedure do not explicitly provide for such motions."), *aff'd*, 670 F. App'x 454 (9th Cir. 2016).

In ruling on motions for reconsideration in criminal cases, courts have relied on the standards governing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure.  *See Amezcua*, 2015 WL 5165235, at *1.

A Rule 59(e) motion must be filed within 28 days of the final order or judgment in issue and may only be granted when: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law." *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (quotation

marks and citations omitted). Rule 59(e) motions based on new evidence may not be based on "matters already available or known to the party submitting them as new evidence." 3 *Moore's Manual–Fed. Practice & Procedure* § 24.82 (Lexis Advance 2020).

Rule 60(b) of the Federal Rules of Civil Procedure permits relief from final judgments, orders, or proceedings. Such a motion may be granted on any one of six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

**III.     ANALYSIS.**

McNeil seeks reconsideration or clarification of this court's order denying his petition for coram nobis relief. That order denied coram nobis relief because McNeil had failed to meet the requirement that he establish all of the following:

> (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987); accord *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (same); *Estate of McKinney v. United States*, 71 F.3d 779, 781-82 (9th Cir. 1995) (same).

McNeil was convicted of having violated 18 U.S.C. § 2262(a)(1), which stated at the time of his conviction:

> A person who travels in interstate or foreign commerce, or enters or leaves Indian country, with the intent to engage in conduct that violates the portion of a protection order that prohibits or provides protection against violence, threats, or harassment against, contact or communication with, or physical proximity to, another person, or that would violate such a portion of a protection order in the jurisdiction in which the order was issued, and subsequently engages in such conduct, shall be punished . . . .

18 U.S.C. § 2262(a)(1) (effective Oct. 28, 2000, to Jan. 4, 2006).

At trial, the jury was instructed:

In order for you to find the defendant guilty of the offense charged against him in the indictment, the government must prove each of the following elements beyond a reasonable doubt:

> First, that there was a protection order that prohibited and provided protection against the defendant contacting,

> communicating with, or being in the physical proximity to another person;
>
> Second, that the defendant intentionally engaged in conduct that violated the protection order;
>
> Third, before violating the protection order the defendant traveled in interstate commerce by crossing a state boundary; and
>
> Fourth, at the time the defendant crossed the state boundary, he had the intent to engage in conduct that would violate the protection order.
>
> With respect to the first element, the parties have stipulated that the order granting petition for injunction against harassment filed on September 25th, 2001, . . . is a protection order within the meaning of the statute, Title 18, United States Code, Section 2262, sub (a), sub (1).
>
> With respect to the fourth element, it is possible that the defendant may have had more than one purpose in coming to Hawai`i. It is not necessary for the government to prove that the sole and single purpose of the defendant's travel to Hawai`i was to engage in conduct that would be in violation of the protection order. You may find that the intent element has been satisfied if you are persuaded that one of the dominant purposes that the defendant had in coming to Hawai`i was to engage in conduct that would be in violation of the protection order.

ECF No. 202-2, PageID #s 1811-12.

McNeil had flown to Hawaii, then went to a shopping center where he interacted with J.B., a minor he was prohibited from having contact with under a state court's temporary restraining order.

5

### A. McNeil's Misrepresentation of the Record Does Not Justify Reconsideration.

This is McNeil's fourth coram nobis motion. On appeal from the denial of his third coram nobis petition, McNeil argued that he lacked the requisite intent to violate the protective order because he did not expect J.B. to be at the shopping center at the time he ran into him. *See* ECF No. 202-4, PageID # 1990. The Government responded by arguing that it "did not have to show that McNeil intended [to] violate the protection order at a specific time and place (such as the mall) or in a specific manner. Of course, the government did not have to show that McNeil knew [J.B.] would be at the mall on May 26, 2002." ECF No. 198, PageID # 1140. The Government stated: "On May 22, 2002, while he was still on the airplane, he probably did not know that [J.B.] would go to the mall alone on May 26, 2002, but that does not translate into a lack of knowledge that he might be able to act in violation of the protection order." *Id.*

On appeal from the denial of his third coram nobis petition, McNeil asserted that he could not have traveled to Hawaii with an intent to violate the protective order because he had not believed there would be an opportunity to violate it. The Ninth Circuit rejected that argument, ruling that McNeil did not demonstrate valid reasons for having failed to make that argument on direct appeal or in his § 2255 motion. *United States v. McNeil*, 812 F. App'x 515, 516 (9th Cir. 2020). The Ninth

Circuit further ruled, "McNeil has also failed to meet his burden of demonstrating the jury erred at all in convicting him, much less that it was an error of the most fundamental character." *Id.* (quotation marks and citation omitted).  It noted that intent is a factual determination made by the jury.  *Id.*  The jury instructions were uncontested.  *Id.*  The Ninth Circuit ruled, "Based on the evidence presented at the trial, a reasonable jury could conclude that McNeil traveled to Hawaii with intent to engage in conduct violative of the protective order."  *Id.*  Contrary to what McNeil says, the Ninth Circuit did not rule that McNeil knew J.B. would be at the mall.  *See id.*

Now, in his fourth coram nobis petition, McNeil again challenges proof of the intent element.  This time he contends in a *Brady*-ish argument that the Government failed to disclose before trial that, "[o]n May 22, 2002, while he was still on the airplane, he probably did not know that [J.B.] would go to the mall alone on May 26, 2002."  *See* ECF No. 197, PageID # 1112.  McNeil further argues that, had the Government made that concession at trial, there would not have been sufficient evidence to convict him.  *Id.*, PageID #s 1113-14.  The fourth element the jury was instructed on states, "[A]t the time the defendant crossed the state boundary, he had the intent to engage in conduct that would violate the protection order."  *Id.*

7

In denying McNeil's fourth coram nobis request, this court ruled that McNeil failed to show any error, let alone one of a fundamental character:

> The Government's so-called concession is nothing more than logic or common sense. Absent having arranged to meet J.B. ahead of time, McNeil could not have known at the time he was on the plane to Hawaii that J.B. would be at the mall four days later. The Ninth Circuit has already determined that there was sufficient evidence from which a jury could find the requisite intent to support a § 2262(a)(1) conviction, stating: "Based on the evidence presented at the trial, a reasonable jury could conclude that McNeil traveled to Hawaii with intent to engage in conduct violative of the protective order." *McNeil*, 812 F. App'x at 516.  In other words, McNeil could be convicted if he traveled to Hawaii with the intent to violate the protective order.  He did not need to know exactly when or how he would do so.  The Government's post-trial statement about what McNeil probably knew or did not know on the plane does not negate the intent element.

ECF No. 208, PageID # 2096.

In his motion for reconsideration, McNeil argues that this court erred because its decision necessarily implies that the jury convicted him because he followed J.B. to the mall.  He claims that the jury was not presented with that argument and that it is factually unsupported.  *See* ECF No. 209, PageID # 2107.  These arguments misrepresent this court's ruling and the record.

First, this court did not rule that McNeil followed J.B. to the mall.  This court simply noted that the Ninth Circuit

8

had already determined that, "[b]ased on the evidence presented at the trial, a reasonable jury could conclude that McNeil traveled to Hawaii with intent to engage in conduct violative of the protective order." *McNeil*, 812 F. App'x at 516. Whether McNeil followed J.B. to the mall was not part of this court's analysis.

Second, the prosecution actually argued to the jury that McNeil could be convicted if the jury determined that McNeil followed J.B. to the mall. Based on circumstantial evidence and inferences that the jury was allowed to draw from the factual evidence (i.e., that McNeil knew J.B. frequented the mall he lived near), the Government contended in its closing argument at trial:

> [McNeil] went to Mililani Town Center, the one place where he was likely to see [J.B.]. Did he follow him there? We don't know. But how is it that he's there at the exact same minute? You know, if it's purely a coincidence, then he should have bought a lottery ticket that day.

ECF No. 202-2, PageID # 1803. Thus, the jury was clearly presented with the argument that McNeil either followed J.B. to the mall or waited for him there.

In his Reply, McNeil argues that he could not have been convicted if he was coincidentally at the mall when he ran into J.B, representing that his sole argument at trial was that it was a coincidence that he ran into J.B. at the mall. Regardless of

9

whether McNeil is accurately portraying the argument he made to the jury, the jury necessarily rejected that argument when it convicted him.

In his Reply in support of reconsideration, McNeil also argues that § 2262(a)(1) is an unconstitutional infringement on his right to travel.  Because that argument was not made in his motion for reconsideration, this court disregards it under Local Rule 7.2.  *See* L.R. 7.2 ("Any argument raised for the first time in the reply shall be disregarded.").  This, of course, does not mean that McNeil may turn around and file a fifth coram nobis petition.  Any such petition would have to demonstrate a valid reason for not having raised the argument earlier.  *See Hirabayashi*, 828 F.2d at 604.

### B. There Was No Violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

McNeil argues that this court erred in failing to conduct an analysis to determine whether the Government had improperly failed to disclose exculpatory evidence indicating that, "[o]n May 22, 2002, while he was still on the airplane, he probably did not know that [J.B.] would go to the mall alone on May 26, 2002."  There are generally three components to a violation of *Brady v. Maryland*, 373 U.S. 83 (1963): "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently;

and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *see also Hamilton v. Ayers*, 583 F.3d 1100, 1110 (9th Cir. 2009). In denying his fourth coram nobis petition, this court implicitly rejected McNeil's *Brady* argument.

The Government's statement on appeal was not exculpatory evidence that was suppressed by the Government. Instead, as this court noted, it "is nothing more than logic or common sense. Absent having arranged to meet J.B. ahead of time, McNeil could not have known at the time he was on the plane to Hawaii that J.B. would be at the mall four days later." ECF No. 208, PageID # 2096. It was not necessary for the Government to prove that, while traveling to Hawaii, McNeil knew J.B. would be at the mall four days later. All that was necessary to establish the intent necessary for the conviction was proof that McNeil traveled to Hawaii with the intent to violate the protective order. He did not need to know exactly when or how he would do so. The Government's post-trial statement about what McNeil probably knew or did not know on the plane does not negate the intent element and is certainly not exculpatory evidence.

### C. McNeil Shows No Error With Respect to This Court's Rejection of His Definition of Intent.

In his fourth coram nobis petition, McNeil had made other arguments with respect to the definition of intent. This court ruled that those arguments were not timely asserted:

11

> To the extent McNeil makes other arguments about the definition of intent, he fails to show why he did not or could not have raised those issues on direct appeal or in his § 2255 motion. Those arguments therefore fail because McNeil fails to satisfy the second prong of the coram nobis standard-- valid reasons exist for not attacking the conviction earlier. *See Hirabayashi*, 828 F.2d at 604.

ECF No. 208, PageID # 2097. McNeil's reconsideration motion shows no error by this court. Moreover, the Ninth Circuit has already ruled that McNeil's challenge to the jury instruction regarding intent to violate the protective order did not show an error of fundamental character that would support coram nobis relief. *United States v. McNeil*, 693 F. App'x 554 (9th Cir. 2017).

### D. McNeil's Reply's AEDPA Argument is Not Relevant.

In his Reply, McNeil argues that this court should determine whether AEDPA's requirement that an appellate court certify a second or successive § 2255 motion applies here. This court sees no reason to address that subject in the present reconsideration ruling.

> In this court's order, this court noted:
>
> A petitioner may not seek coram nobis relief when § 2255 relief is barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Matus-Leva*, 287 F.3d at 761 ("A petitioner may not resort to coram nobis merely because he has failed to meet the AEDPA's gatekeeping requirements. To hold otherwise would circumvent the AEDPA's overall purpose of expediting the

>     presentation of claims in federal court and
>     enable prisoners to bypass the limitations
>     and successive petitions provisions.").

ECF No. 208, PageID # 2092.  However, this court did not rule that McNeil's fourth coram nobis petition is barred by AEDPA's second or successive requirement.

While the Ninth Circuit's guidance recognizes that there may be cases in which a coram nobis petition is an attempt to evade AEDPA's gatekeeping requirements, such evasion was not the basis of this court's ruling.  Instead, this court's "timeliness" analysis turned on the second coram nobis element a petitioner must demonstrate--"valid reasons exist for not attacking the conviction earlier."  *Hirabayashi*, 828 F.2d at 604.  McNeil was required to "explain why he did not seek relief . . . , and he is only barred from coram nobis eligibility if he fails to show that he had valid reasons for delaying."  *See United States v. Kwan*, 407 F.3d 1005, 1012 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010).  This court ruled that McNeil had failed to show why he did not or could not have raised issues concerning the definition of intent on direct appeal or in his § 2255 motion.  *See* ECF No. 208, PageID # 2097.

**IV.      CONCLUSION.**

The court denies McNeil's motion for reconsideration or clarification of this court's order denying his fourth coram

nobis petition.

Given that ten days was the longest McNeil has waited between a prior coram nobis petition becoming final and the filing of a new one, this court provides some guidance to him.

First, "the writ of coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007). The writ is "extraordinary, used only to review errors of the most fundamental character." *Id.* (quotation marks and citations omitted); *see also Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("[I]t is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." (quotation marks, brackets, and citation omitted)). None of McNeil's four coram nobis petitions established an error of a fundamental nature.

Second, McNeil is reminded that, should he file a fifth coram nobis petition, he must establish a valid reason for not having raised arguments earlier. *See Hirabayashi*, 828 F.2d at 604.

Third, petitions for coram nobis relief should not be used in bad faith--to harass the Government by rearguing positions rejected in previous proceedings, or for any other improper purpose. In other words, McNeil should be careful not

to file another petition for coram nobis relief based on arguments already rejected by this court or by an appellate court.  Should McNeil do so, this court may grant a future request for sanctions.  However, this court denies the Government's present request for sanctions with respect to bad faith conduct, see ECF No. 212, PageID # 2137, even though McNeil has made the same or similar arguments about intent in previous petitions.  McNeil is on notice that he might face monetary sanctions if he files a future motion in bad faith.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, August 19, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States v. McNeil, Crim No. 02-00547 SOM; Civ. No. 21-00212 SOM/RT; ORDER DENYING DEFENDANT'S PETITION FOR WRIT OF CORAM NOBIS; ORDER DENYING DEFENDANT'S MOTION SEEKING RECONSIDERATION OR CLARIFICATION OF THE ORDER DENYING HIS FOURTH PETITION FOR WRIT OF CORAM NOBIS